THE STATE OF KANSAS, *ex rel. L. C. Boyle, Attorney-General,* v. A. A. FENN, *President,* and R. H. FENN, *Secretary of the Broadway Manufacturing Company.*

**No. 11115.**

1. CORPORATIONS — *Statements Must be Filed by all Corporations for Profit.* The provisions of section 41, chapter 66, General Statutes of 1897, requiring the presidents and secretaries of corporations to file with the secretary of state annually a detailed statement of the condition of their companies, apply to all classes of corporations for profit, those conducting a purely private business, such as manufacturing, as well as those *quasi* public in character.

2. ———— *Statement Examined and Held Insufficient.* A particular statement made to the secretary of state by the president and the secretary of a manufacturing corporation examined, and held not to comply with the requirements of the statute.

Original proceedings in mandamus. Opinion filed March 11, 1899. Judgment for plaintiff.

*A. A. Godard,* attorney-general, and *J. S. West,* for plaintiff.

*J. W. Hauserman,* for defendants.

The opinion of the court was delivered by

DOSTER, C. J. : This is an action of mandamus to compel A. A Fenn, as president, and R. H. Fenn, as secretary of the Broadway Manufacturing Company,

to report to the secretary of state a detailed statement
of the condition of such company for the preceding
year. The statute requiring the making of reports
by the officers of corporations reads as follows :

" It shall be the duty of the president and secretary
of each corporation for profit, annually on the 1st day
of January, to prepare under their own oaths and de-
posit in the office of the secretary of state of this state
a detailed statement of the condition of such company
on the 30th day of December then next preceding,
exhibiting the following, namely : *First*, The amount
of the capital stock of the company. *Second*, The prop-
erty or assets held by the company. *Third*, The lia-
bilities of such company. *Fourth*, The receipts of the
company during the preceding year. *Fifth*, The ex-
penditures during the preceding year. Every corpora-
tion for profit created under any law of this state
failing to make and deposit such statement shall be
subject to a penalty of $200 and an additional $200
for every month that such company shall continue
thereafter to transact business. (Gen. Stat. 1897, ch.
66, § 41 ; Gen. Stat. 1889, ¶ 1181.)

The answer of the defendants avers that the corpo-
ration in question is not public in its character, like a
railroad or light or water company, but is of an en-
tirely private character, being engaged in the business
of manufacturing sash, doors, and other woodwork.
The claim is therefore made that the statute is not ap-
plicable to it, because of the private and ordinary busi-
ness in which it is engaged, but that the law quoted
applies only to corporations *quasi* public in character
and in the enjoyment of public franchises. The stat-
ute makes no distinction between classes of corpora-
tions for profit. Corporations of all kinds are the
creatures of the law. They ask and have conferred
upon them privileges and artificial characteristics of
special advantage, such as limited liability of their

stockholders, perpetual succession of membership, or succession through the period limited by their charters. Being thus the creatures of legislation and the recipients of legislative favors, they must conform to all valid legislative requirements. The statute in question is general in its terms. It makes no exceptions to the rule which it ordains, and even were we able to perceive a reason for the exemption of particular classes of corporations from its operation we would be powerless to declare such exemption.

In addition to the above, the answer avers that the defendants have complied to the best of their ability with the requirements of the statute and the demands made upon them in pursuance to it by the secretary of state. The secretary furnished to the defendants printed forms for the making of the required statements. These forms contain general headings for the four subjects of ''resources,'' ''liabilities,'' ''receipts,'' and ''disbursements.'' Under these were printed subheadings for the insertion of various items appropriate to the general subjects named, with additional space lines for such matters as might be necessary to report, but which were not specially indicated by any of the subheadings. In the statement filed none of the items under the general heads of ''receipts'' and ''disbursements'' was reported, but instead thereof the defendants wrote upon the paper : ''Our accounts are not kept in such a way as to enable us to give a detailed statement of receipts and disbursements as required by this blank.'' The excuse given is not a good one. Every corporation, whether one for manufacturing or otherwise, makes and keeps an account of its receipts of moneys, and makes and keeps an account of its disbursements. If the printed form sent out by the secretary be not adapted in its

subheadings to the making of a correct statement of the defendants' business, they can easily adapt it to such purpose, or an entirely different form may be used.

Judgment as prayed for is allowed in favor of the plaintiff.